No. 22-56196
_____

## IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

HYATT HOTELS CORPORATION,

*Petitioner-Appellee*,

v.

UNITE HERE LOCAL 11,

*Respondent-Appellant*.

On Appeal from the United States District Court
for the Central District of California
No. 2:22-cv-05858-JFW-E
Hon. John F. Walter

### APPELLEE'S MOTION FOR RECONSIDERATION

KEITH D. GROSSMAN (SBN 131335)
kgrossman@hkemploymentlaw.com
HIRSCHFELD KRAEMER LLP
233 Wilshire Boulevard, Suite 600
Santa Monica, CA  90401
Telephone:  (310) 255-0705
Facsimile:   (310) 255-0986

HIEU T. WILLIAMS (SBN 280585)
hwilliams@hkemploymentlaw.com
MICHELLE C. FREEMAN (SBN 318908)
mfreeman@hkemploymentlaw.com
HIRSCHFELD KRAEMER LLP
456 Montgomery Street, Suite 2200
San Francisco, CA  94104
Telephone:  (415) 835-9000
Facsimile:   (415) 834-0443

*Attorneys for Petitioner-Appellee*
Hyatt Hotels Corporation

4874-8971-5615

I. **INTRODUCTION**

Appellee Hyatt Hotels Corporation ("Hyatt") respectfully requests that the Court reconsider its January 10, 2024 Memorandum Disposition With Concurrence ("Disposition") with regard to the Court's direction to the United States District Court for the Central District of California ("District Court") to "*confirm* the arbitral award in favor" of UNITE HERE Local 11 (the "Union"). (Emphasis added.) The Union has not moved to confirm the underlying arbitration award. It would therefore be improper for the District Court to "confirm" the Arbitrator's Award ("Award") because such motion has not been made. Accordingly, Hyatt respectfully requests the Court to modify its Disposition by removing the Court's direction to the District Court to "confirm" the Award and remand to the District Court for further proceedings.

II. **BRIEF FACTUAL BACKGROUND**

Pursuant to a Memorandum of Understanding between Hyatt and the Union ("the MOA"), the Union initiated the underlying arbitration before the MOA-designated Arbitrator J.C. Gonzalez, Esq. ("Arbitrator"). 2-SER-59. On May 20, 2022, the Arbitrator issued the Award in favor of the Union. ER-24-54. On September 19, 2022, Hyatt filed a Motion to Vacate the Award in the District Court. 1-SER-2-17. On December 20, 2022, the District Court granted Hyatt's Motion to Vacate. ER-11. The Union subsequently appealed the District Court's ruling to this Court on or about December 21, 2022. Following oral argument on December 7, 2023, the Court issued the Order on January 10, 2024. *See e.g.*, January 10, 2024 Memorandum of Disposition with Concurrence ("Disposition"). In relevant part, the Disposition provides that the District Court "should confirm the arbitral award in favor of the Union." *Id*. At pg. 4. There is no evidence in the record that the

Union has moved to confirm the Award at any stage of this litigation, and indeed it has not done so.

## III. ARGUMENT

The Court will reconsider a prior order when the Court has "overlooked or misunderstood" relevant "points of law or fact." (USCS Ct. App 9th Cir., Circuit R 27-10.)

The Federal Arbitration Act ("FAA") allows a party to seek confirmation of an arbitration award either in the court specified in the agreement that included the arbitration provision or, if no court is specified in the agreement, in the appropriate district court. 9 U.S.C.S. § 9; *see also United States v. Park Place Assocs.* (9th Cir. 2009) 563 F.3d 907, 912. An arbitration award's survival of a vacatur challenge does not automatically confirm the underlying arbitration award:

> [A] court's denial of a motion to vacate does not automatically mean that the award will be confirmed. Even where the court has denied a motion to vacate an arbitration award, a party to the arbitration ***must file a separate motion to confirm to empower the district court to issue an order confirming the award***.

*Park Place Assoc.*, 563 at fn. 19 (emphasis added). "[A]lthough it may be convenient for a single court to hear both [the motion to confirm and the motion to vacate], nothing in the FAA requires that they be brought in the same court." *Id*

Here, there is no evidence in the record that the Union has filed a motion to confirm the Award. Indeed, it has not done so. Absent a motion to confirm by the Union the District Court is not empowered to confirm the Award. *See e.g.*, 9 U.S.C.S. § 9. Accordingly, this Court should revise its Disposition to remove the direction to the District Court to "confirm" the Award. (Disposition at pg. 4.)

## IV. <u>CONCLUSION</u>

Based on the foregoing, Hyatt respectfully requests the Court to reconsider its Disposition and modify the Disposition by removing the Court's direction to the District Court to "confirm" the Award.

Dated: January 24, 2024  HIRSCHFELD KRAEMER LLP

By: /s/ Michelle C. Freeman
Keith D. Grossman
Hieu T. Williams
Michelle C. Freeman
Attorneys for Petitioner-Appellee
HYATT HOTELS CORPORATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

**Form 11. Certificate of Compliance for Petitions for Rehearing/Responses**

*Instructions for this form:* *http://www.ca9.uscourts.gov/forms/form11instructions.pdf*

**9th Cir. Case Number(s)** | 22-56196 |

I am the attorney or self-represented party.

I certify that pursuant to Circuit Rule 35-4 or 40-1, the attached petition for panel rehearing/petition for rehearing en banc/response to petition is (*select one*):

[x] Prepared in a format, typeface, and type style that complies with Fed. R. App. P. 32(a)(4)-(6) and **contains the following number of words**: | 741 |.

*(Petitions and responses must not exceed 4,200 words)*

**OR**

[ ] In compliance with Fed. R. App. P. 32(a)(4)-(6) and does not exceed 15 pages.

**Signature** | /s/ Michelle C. Freeman |   **Date** | January 24, 2024 |

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 11**                                                                                    Rev. 12/01/2021

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing Appellee's Motion for Reconsideration with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the Appellate Electronic Filing system on January 24, 2024.

I certify that all parties in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Michelle C. Freeman